

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN CLDIVISION

| | |
|---|---|
| **LATOYA REDD THOMPSON** | **PLAINTIFF** |
| CAUSE NO. 3:16cv726 DPJ-FKB | |
| **CLEVELAND ANDERSON, in his official capacity,** **CLEOTHA WILLIAMS, in his official capacity,** **L.C. SLAUGHTER, in his individual capacity, and** **CANTON MUNICIPAL UTILITIES** | **DEFENDANTS** |

### COMPLAINT

**COMES NOW**, Plaintiff, by and through undersigned counsel of record, and respectfully files her Complaint for declaratory, injunctive, and other relief against Cleveland Anderson, in his individual and official capacity, Cleotha Williams, in his individual and official capacity, and L.C. Slaughter, in his individual capacity and official capacity, and alleges as follows:

### JURISDICTION AND VENUE

1. This due process lawsuit is authorized and instituted pursuant to the Fourteenth Amendment of the United States Constitution. This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1343(a)(3). Latoya Redd Thompson seeks declaratory relief pursuant to 28 U.S.C. § 2201-2202 and Fed.R.Civ.P. 57 and 65. The federal right asserted by Latoya Redd Thompson is enforceable under 42 U.S.C. § 1983.

2. Venue is proper in this Court under 28 U.S.C. § 1391(e). Latoya Redd Thompson resides in the Southern District of Mississippi, Jackson Division, where she worked as the

1

Staff Attorney of the Canton Municipal Utilities (hereinafter "CMU") until her employment was unlawfully terminated on September 13, 2016 by defendants Cleveland Anderson, (hereinafter "Anderson"), Cleotha Williams, (hereinafter "Williams") and L.C. Slaughter, (hereinafter "Slaughter") in violation of her Fourteenth Amendment right to Due Process.

## PARTIES

3.      Latoya Redd Thompson is an adult resident citizen of Rankin County, Mississippi.

4.      Defendant Cleveland Anderson is an adult resident citizen of Madison County, Mississippi and resides at 448 E. Semmes Street in Canton, Mississippi. At all times pertinent herein, Anderson served as a commissioner of CMU. Anderson is being sued in his official capacity.

5.      Defendant Cleotha Williams is an adult resident citizen of Madison County, Mississippi and resides at 342 South Union Street, Canton, Mississippi. At all times pertinent herein, Williams served as a commissioner of the CMU. Williams is being sued in his official capacity.

6.      Defendant Slaughter is an adult resident citizen of Madison County, Mississippi and resides at 2208 North Old Canton Road, Canton, Mississippi 39046. At all times pertinent herein, Slaughter was a commissioner of CMU. Slaughter is being sued in his official capacity.

7.      Defendant Canton Municipal Utilities is a municipal owned utility that does business at 127 West Peace Street, Canton, MS 39046. Larry Feduccia is the acting General Manager.

## STATEMENT OF FACTS

8. On or about August 16, 2016, Latoya Redd Thompson was hired as the staff attorney of CMU, a municipal owned and operated utility.

9. Latoya Redd Thompson served as Staff Attorney without incident and was never cited for inefficiency, incompetency and/or for any other cause.

10. On September 13, 2016, in a 3-2 vote, Defendants Anderson, Williams and Slaughter voted to terminate Latoya Redd Thompson as CMU's Staff Attorney. "[A] property interest in public employment is created by state law." *Johnson v. Southwest Mississippi Regional Medical Center*, 878 F.2d 856, 859 (5th Cir. 1989)." Miss. Code Ann. § 21-27-17 provides that commissioners of municipal utilities "shall have the right to discharge employees found inefficient or for other good cause." "[The] Mississippi statute . . . providing employer the right to discharge employees 'found inefficient or for other good cause' creates a property interest." *Johnson,* 878 F.2d at 859. Accordingly, employees of municipal utilities commissions are entitled to notice and a hearing before they are terminated and that discharge of said employees without notice and an opportunity to be heard is constitutionally impermissible. *Sartin v. City of Columbus*, 421 F.Supp. 393, 397 (N.D. Miss. 1976).

11. For four decades, the law has been clearly established in the Fifth Circuit Court of Appeals that it is constitutionally impermissible to terminate municipal utilities commission employees without notice and hearing. *See, Sartin*, 421 F.Supp. at 397. Notwithstanding the clearly established law, Anderson, Williams and Slaughter terminated Latoya Redd Thompson in the absence of notice and a hearing and without cause.

3

12.    Williams and Slaughter knew or should have known that Latoya Redd Thompson had a right to notice and a hearing before she could be terminated by CMU. Williams and Slaughter were named as defendants in *John Wallace v. Cheeks*, et al., Cause No. 3:13CV436TSL-JMR, a case in which this same issue was raised.

### COUNT III

13.    Latoya Redd Thompson incorporates and re-alleges the allegations in paragraphs 1-12 above.

14.    As an employee of a municipally owned utility in Mississippi, as Latoya Redd Thompson had a property interest in her employment and a clearly established right to notice and hearing before she could be fired from her position as staff attorney of CMU. Anderson, Williams and Slaughter unlawfully violated Latoya Redd Thompson's Fourteenth Amendment Right to Due Process guaranteed by the Fourteenth Amendment to the United States Constitution and Miss. Code Ann. 21-27-17. In light of the clearly established law in the Fifth Circuit Court of Appeals, any reasonable public utility commissioner in Mississippi knew or should have known that Latoya Redd Thompson was entitled to notice and a hearing before she could be terminated. The actions of Defendants Anderson, Williams and Slaughter were objectively unreasonable.

15.    As a proximate consequence of the actions of Anderson, Williams and Slaughter, Latoya Redd Thompson was unlawfully denied her right to due process.

**WHEREFORE PREMISES CONSIDERED,** based upon the foregoing, Latoya Redd Thompson requests that this Honorable Court grant the following relief:

   A.    A declaration that Anderson, Williams and Slaughter violated her rights guaranteed by the Fourteenth Amendment to the U.S. Constitution when they terminated her without proper notice and a hearing;

B. A declaration that Latoya Redd Thompson shall be reinstated to her position as staff attorney.

C. A temporary restraining order and a preliminary injunction enjoining defendants from interfering with Latoya Redd Thompson's constitutional rights when she returns to her position as staff attorney.

D. An award to Plaintiff of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

E. and such other and further as this Court deems appropriate.

**RESPECTFULLY SUBMITTED,** this the 15th day of September, 2016.

                    **LATOYA REDD THOMPSON**

                    BY: /s/ Lisa M. Ross
                    Lisa M. Ross (MSB#9755)
                    Post Office Box 11264
                    Jackson, MS 39283-1264
                    (601) 981-7900 (telephone)
                    (601) 981-7917 (facsimile)

                    **ATTORNEY FOR LATOYA REDD THOMPSON**