IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LATOYA REDD THOMPSON                                              PLAINTIFF

VS                                           CAUSE NO:3:16-CV-726-DPJ-FKB

CLEVELAND ANDERSON, in his official capacity,
CLEOTHA WILLIAMS, in his official capacity,
L.C. SLAUGHTER, in his individual capacity, and
CANTON MUNICIPAL UTILITIES                                       DEFENDANTS

DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS RULE 12(b)(1)
MOTION TO DISMISS PLAINTIFF'S DECLARATORY RELIEF CLAIM
FOR LACK OF SUBJECT-MATTER JURISDICTION

COME NOW CLEVELAND ANDERSON, in his official capacity, CLEOTHA WILLIAMS, in his official capacity, L.C. SLAUGHTER, in his individual capacity, and CANTON MUNICIPAL UTILITES (alternatively "CMU") (hereinafter collectively "these Defendants"), by and through counsel of record, and submits this its Memorandum in Support of its Fed. R. Civ. P. 12(b)(1) Motion to Dismiss Plaintiff's Declaratory Relief Claim for Lack of Subject-Matter Jurisdiction and in support thereof would show unto the Court as follows:

I. INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff commenced the instant case on September 15, 2016, in the United States District Court for the Southern District of Mississippi, Northern Division. [D.E. 1]. Plaintiff essentially alleges in her Complaint that these Defendants unlawfully terminated her, in violation of her Fourteenth Amendment right to Due Process. *Id.* ¶ 2. Plaintiff's Complaint named Cleveland Anderson, in his official capacity, Cleotha Williams, in his official capacity, and L.C. Slaughter, in his individual capacity. These Defendants note that L.C. Slaughter has only been named in his individual capacity

1

and that the relief requested by Plaintiff cannot be granted against state government officials in their individual capacity. *See Wallace v. Cheeks*, 2013 WL 4519720, at *1 (S.D. Miss. Aug. 26, 2013). Plaintiff's Complaint seeks: 1) a declaration that Anderson, Williams and Slaughter violated Plaintiff's Fourteenth Amendment right(s); 2) a declaration that Plaintiff be reinstated to her position as staff attorney with CMU; and 3) a temporary restraining order and preliminary injunction enjoining these Defendants from interfering with Plaintiff's constitutional rights when she returns to her position as staff attorney for CMU. The parties to this matter met with the Court in chambers to discuss the issues raised in Plaintiff's Complaint, specifically her request for temporary restraining order and preliminary injunction, on September 15, 2016, the same day on which Plaintiff's Complaint was filed. Despite the merits of Plaintiff's legal claims, CMU collectively decided and voted to voluntarily to reinstate Plaintiff to the position of CMU Staff Attorney "with all prior rights, responsibilities and benefits." *See* Agreed Order, dated September 16, 2016 [D.E. 5]. Per the Agreed Order entered by the Court on the aforementioned date, Plaintiff's claims for a Temporary Restraining Order and/or Preliminary Injunction were dismissed as moot. *See Id.*

Plaintiff's sole remaining claim seeks for the Court to declare that her alleged termination violated her Fourteenth Amendment right. In light of Plaintiff's reinstatement and the Court's dismissal of her Temporary Restraining Order and/or Preliminary Injunction claims, these Defendants request that the Court decline further consideration of Plaintiff's remaining claim(s) and dismiss her claim for declaratory relief, with prejudice.

Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, this Court has discretion to decline to entertain a plaintiff's declaratory judgment action where it will serve no useful purpose. *See Wallace* at *2 (citations omitted). Under the present circumstances, these Defendants submit that further consideration of Plaintiff's claim for declaratory relief is not warranted, as such consideration would be redundant, it would not serve a useful purpose, and it would not serve the Court's interest of promoting judicial economy.

## II. LAW AND ARGUMENT

### A. Rule 12(b)(1) Subject-Matter Jurisdiction Standard and Purpose of Declaratory Judgment

A Rule 12(b)(1) motion attacks the court's jurisdiction to hear and to decide any issues in the case and therefore the court must address that at any time during the pendency of the litigation that is asserted or even indeed upon its own motion. *Landmark Am. Ins. Co. v. Gatchell*, 2011 WL 5864565, at *1 (S.D. Miss. Nov. 22, 2011) (citing *Williamson v. Tucker,* 645 F.2d 404 (5th Cir.1981)). It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts. *Id.*

The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 states in pertinent part:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201 (emphasis added).

The Supreme Court has held that "[t]he Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1230–31 (S.D. Fla. 2009) (citations omitted). As such the DJA, gives federal courts discretionary jurisdiction to declare the rights of litigants. *State Nat. Ins. Co. v. Hill*, 2015 WL 5554311, at *2 (S.D. Miss. Sept. 21, 2015) (citing *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995)).

The Fifth Circuit has identified seven nonexclusive factors to guide federal district courts in this discretion: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Id.* (citing *Sherwin–Williams Co. v. Holmes Cnty.,* 343 F.3d 383, 388 (5th Cir.2003) and *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590–91 (5th Cir.1994)).

One of the main purposes of the Declaratory Judgment Act is to provide a means to grant litigants judicial relief from legal uncertainty in situations that had not developed sufficiently to authorize traditional coercive relief. *Strain v. Gulf Coast*

*Shipyard Grp., Inc.*, 126 F. Supp. 3d 793, 795 (S.D. Miss. 2015) (citing *Tex. Emp'rs Ins. Ass'n v. Jackson,* 862 F.2d 491, 505 (5th Cir.1988). In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration. *State Nat. Ins. Co.*, 2015 WL 5554311, at *2 (S.D. Miss. Sept. 21, 2015) (citing *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288 (1995)). The court has discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, to decline to entertain a plaintiff's declaratory judgment action where it will serve no useful purpose. *Wallace v. Cheeks*, 2013 WL 4519720, at *2 (S.D. Miss. Aug. 26, 2013), also see *State Nat. Ins. Co. v. Hill*, at *4 (holding that retaining the action, would serve no purpose and be against the interests of judicial economy).

B. <u>This Court Should Dismiss Plaintiff's Claim for Declaratory Relief</u>

The Court should exercise its discretion under the Declaratory Judgment Act and dismiss Plaintiff's remaining claim declaratory relief in this case because the primary issue(s) in her case are moot and any further consideration of her case is no longer necessary. Plaintiff's request for declaratory relief seeks to address the alleged past conduct of these Defendants, which was not only addressed by other claims filed in her instant case, but were also voluntarily remedied by these Defendants. Additional consideration of Plaintiff's case would be redundant and would serve no useful purpose.

Plaintiff alleges that these Defendants violated her Fourteenth Amendment right to due process when the Board of Commissioners collectively voted to terminate her employment with CMU on or about September 13, 2016. Plaintiff filed the instant case to pursue her wrongful termination claim(s) on September 16, 2016, three days

5

later. Plaintiff was fully reinstated as Staff Attorney within days thereafter by CMU and she has been serving in this capacity ever since without interference. Given that Plaintiff's chief complaint was resolved in her favor, granting declaratory relief against these Defendants at this juncture serves no purpose whatsoever.

These Defendants concede that the instant case does not necessarily fit within the Fifth Circuit's seven-factor guide for the use of discretion as articulated in *State Nat. Ins. Co. v. Hill*. None of those seven factors tend to weigh in favor of these Defendants' request for dismissal. However, there is authority for dismissal of a claim for declaratory relief absent the Court's seven-factor analysis. District Court have dismissed claims for declaratory relief in instances where the claim only focuses on past conduct and does not seek prospective relief for an alleged continuing action and/or a change in conduct or a legal uncertainty.

In *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, the plaintiffs asked the Court to determine whether the defendant had committed a tort or breached a contract in the past, prior to the claim for declaratory relief being filed. Finding that the plaintiffs' claims did not ask the Court to resolve a legal dispute, order a party to change its behavior, or to minimize the risk of future loss, the Court granted the defendants motion to dismiss the plaintiffs claims for declaratory relief. *Sierra Equity Grp., Inc.* at 1231. This Court went on to note "questions regarding whether torts have been committed or a contract was adequately performed is unrelated to the purpose behind the Declaratory Judgment Act. Indeed, the purpose of the Declaratory Judgment Act is to clarify the legal relations at issue and to settle controversies prior to a legal breach of duty or contract." *Id.*

Additionally, this Court recently dealt with an almost identical set of facts and whether a request for declaratory relief was appropriate in *Wallace v. Cheeks, et al*. As the Court is aware, the plaintiff in that case also claimed that his alleged termination by CMU violated his Constitutional right to due process. The plaintiff was reinstated to his position by CMU. However, plaintiff also made a demand declaratory relief, specifically an adjudication finding that CMU violated his due process rights. *Wallace*, at *1. Using its discretion vested in the 28 U.S.C. § 2201, this Court held that granting declaratory relief would serve no useful purpose. *Id.*

Lastly, this Court held that the dismissal of declaratory relief was not appropriate in *Strain v. Gulf Coast Shipyard Grp., Inc.* and denied the defendant's request for dismissal. *Strain* at *2. The plaintiffs in this case sought a "change in conduct" to prevent future property damage allegedly resulting from the way in which the defendant launched its barges into the Gulf of Mexico. *Id.* This Court denied the defendant's request for dismissal because the plaintiffs were seeking "prospective relief." *Id.*

As in *Sierra Equity Grp., Inc.* and *Wallace*, Plaintiff's claim for declaratory relief should be dismissed with prejudice because there is no continuing conduct or legal conflict currently between the litigants. Plaintiff's claims only concern an alleged past harm, which has now been resolved and mooted as reflected in the Court's Agreed Order. *See* [D.E. 5]. Any further Court consideration of this matter at this point would simply be redundant and waste of judicial resources.

III. **CONCLUSION**

For all of the aforementioned reasons, the Court should grant Plaintiffs' Motion to Dismiss Plaintiff's Declaratory Relief claim.

DATED, this the 26th day of October, 2016.

>Respectfully Submitted,
>
>CLEVELAND ANDERSON, CLEOTHA WILLIAMS, L.C. SLAUGHTER, and CANTON MUNICIPAL UTILITES
>
>/s/ Mike Espy
>MIKE ESPY, ESQ.
>
>Hon. Mike Espy
>(MSB#: 5240)
>MIKE ESPY, PLLC
>317 E. Capitol Street. Suite 101
>Jackson, MS 39201
>(601) 355-9101
>mike@mikespy.com
>
>ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Mike Espy, Esq., do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the online ECF system, which I understand will send a Notice of Electronic Filing to all parties of record.

SO CERTIFIED, this the 26th day of October, 2016.

>/s/ Mike Espy
>MIKE ESPY, ESQ.
>
>ATTORNEY FOR DEFENDANTS