UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LATOYA REDD THOMPSON                                                                   PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:16cv726-DPJ-FKB

CLEVELAND ANDERSON, et al.                                                        DEFENDANTS

ORDER

This § 1983 case is before the Court on Defendants' Motion to Dismiss Plaintiff's Declaratory Relief Claim for Lack of Subject-Matter Jurisdiction [7]. For the reasons that follow, the motion is granted in part but denied in part.

I.      Facts and Procedural History

On August 16, 2016, Canton Municipal Utilities ("CMU"), a municipal-owned-and-operated utility entity, hired Plaintiff Latoya Redd Thompson as a staff attorney. On September 13, 2016, in a 3–2 vote, CMU's commissioners voted to terminate Thompson's employment; Defendants Cleveland Anderson, Cleotha Williams, and L.C. Slaughter voted in favor of termination. Aggrieved by the loss of her job, Thompson filed this lawsuit on September 15, 2016, against CMU and Anderson, Williams, and Slaughter in their official and individual capacities.[1]

Thompson alleges that Defendants' actions in terminating her employment without notice and a hearing violated her due-process rights. In her Complaint, she seeks the following relief:

> A. A declaration that Anderson, Williams and Slaughter violated her rights guaranteed by the Fourteenth Amendment to the U.S. Constitution when they terminated her without proper notice and a hearing;

---

[1] The caption of the Complaint indicates that two of the individual defendants are sued only in their official capacities while the third is sued solely in his individual capacity, but the opening sentence of the Complaint states that all three are being sued in both their individual and official capacities. Compl. [1] at 1.

    B. A declaration that Latoya Redd Thompson shall be reinstated to her position as staff attorney[;]

    C. A temporary restraining order and a preliminary injunction enjoining defendants from interfering with Latoya Redd Thompson's constitutional rights when she returns to her position as staff attorney[;]

    D. An award to Plaintiff of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

    E. and [sic] such other and further [relief] as this Court deems appropriate.

Compl. [1] at 4–5.

  The same day she filed her Complaint, Thompson moved for a preliminary injunction and a temporary restraining order, seeking reinstatement to her position as staff attorney. Pl.'s Mot. [2]. The Court held an in-chambers conference on the matter that same date, at which the parties agreed that Thompson would be reinstated. An Agreed Order to that effect, which found Thompson's pending motion "moot," was entered on September 16, 2016. Agreed Order [5].

  Defendants thereafter filed their motion to dismiss for lack of subject-matter jurisdiction, asking the Court to decline consideration of "Plaintiff's sole remaining claim [that] seeks [a declaration] that her alleged termination violated her Fourteenth Amendment right." Defs.' Mem. [8] at 2. Thompson responded in opposition, Defendants filed a rebuttal, and the Court is now prepared to rule.

II. Analysis

  Defendants contend that the Agreed Order rendered moot all Thompson's claims in this case, leaving the Court without subject-matter jurisdiction. *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1532 (2013) (concluding that because the plaintiff's claims were moot, "her suit was appropriately dismissed for lack of subject-matter jurisdiction"). In their opening memorandum, Defendants focus solely on the Court's discretion to decline to entertain

declaratory-judgment claims. In response, Thompson points out that she also makes claims for injunctive relief and attorney's fees, and in rebuttal, Defendants contend that the injunctive relief claim is either not ripe or moot. The Court will address Thompson's distinct claims separately.

A.  Claim for Declaratory Relief

In the Complaint, Thompson asked for two separate declarations from the Court; one of them—the request that the Court declare that she "be reinstated to her position as staff attorney"—is plainly moot. Compl. [1] at 5. Defendants ask the Court to decline jurisdiction over the other request, which seeks a declaration that the individual defendants "violated [Thompson's constitutional] rights . . . when they terminated her without proper notice and a hearing[.]" *Id.* at 4.

As Defendants note, district courts have discretion "over whether to decide or dismiss a declaratory judgment action." *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). The Fifth Circuit has "identified seven nonexclusive factors for a district court to consider in deciding whether to decide or dismiss a declaratory action":

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> (5) whether the federal court is a convenient forum for the parties and witnesses;
>
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
>
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 388 (5th Cir. 2003) (quoting *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994)).

Defendants "concede that the instant case does not necessarily fit within the Fifth Circuit's seven-factor guide for the use of discretion" in this context.  Defs.' Mem. [8] at 6.  They nevertheless ask the Court to dismiss the claim for declaratory relief because it "only focuses on past conduct and does not seek prospective relief for an alleged continuing action." *Id.*  Defendants cite two district court cases in support of their position.  In *Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC*, the court explained that because "the purpose of the Declaratory Judgment Act is to clarify the legal relations at issue and to settle controversies prior to a legal breach of duty," the court would not exercise its authority under the act "to make factual determinations regarding possible . . . tortious acts that [the defendant was] alleged to have committed in the past."  650 F. Supp. 2d 1213, 1231 (S.D. Fla. 2009).

Closer to home, CMU defended a similar claim in *Wallace v. Cheeks*, where the plaintiff was terminated from his employment with CMU without notice and a hearing.  No. 3:13cv436TSL-JMR, 2013 WL 4519720 (S.D. Miss. Aug. 26, 2013).  CMU voluntarily reinstated the plaintiff, thereby mooting some of the claims.  Relying on the fact that the plaintiff also sought "to recover damages for the alleged violation of his rights by defendants," Judge Lee concluded that granting the plaintiff's request for a declaration "that defendants violated his due process rights . . . would serve no useful purpose."  2013 WL 4519720, at *2.

Here, unlike the plaintiff in *Wallace*, Thompson does not specifically seek damages from Defendants for the alleged violation of her due-process rights, other than her attorney's fees.  *See* Compl. [1] at 4–5.  So *Wallace* is distinguishable.  And the Court declines to adopt the reasoning in *Sierra Equity Group*; instead, the seven factors articulated by the Fifth Circuit guide the

4

Court's exercise of discretion here.  Because Defendants do not contend that dismissal of the declaratory-judgment claim is warranted under those factors, the motion is denied as to that claim.

  B. Claim for Injunctive Relief

Thompson has also asked that the Court enjoin Defendants from interfering with her constitutional rights going forward.  Defendants address the injunctive-relief claim for the first time in their rebuttal, arguing both that the claim "is not ripe for adjudication" and that it is "moot[]."  Defs.' Rebuttal [14] at 2, 3.  The focus of their argument seems to be mootness, as they contend that they "have diligently worked and continue to work to mitigate the risk of any potential alleged future harm to" Thompson's employment status.  *Id.* at 3.

Thompson anticipated this argument and noted that, generally, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). "In an ordinary case, 'subsequent events' would have to make it 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'"  *Stauffer v. Gearhart*, 741 F.3d 574, 582 (5th Cir. 2014) (quoting *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009), *aff'd sub nom. Sossamon v. Texas*, 563 U.S. 277 (2011)).  But

> government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties.  Without evidence to the contrary, we assume that formally announced changes to official governmental policy are not mere litigation posturing.

*Sossamon*, 560 F.3d at 325.

The Court concludes that Defendants have met their burden.  *Id.*  In particular, Defendants have submitted evidence that, since her reinstatement, Thompson has been

5

instrumental in drafting amendments to the CMU handbook that make clear that CMU employees are entitled to notice and a hearing prior to termination. *See* Defs.' Rebuttal [14] at Exs. A–D. "The record contains no evidence indicating that these actions were mere posturing for litigation." *West v. Natchez, Miss.*, No. 5:15cv46-KS-MTP, 2016 WL 1178771, at *3 (S.D. Miss. Mar. 24, 2016). Under these circumstances, Thompson's claim that she may again be subjected to termination without notice and a hearing in violation of her constitutional rights is "too speculative to avoid mooting the case." *Sossamon*, 560 F.3d at 325. The claim for injunctive relief is therefore dismissed as moot.

III.    Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Declaratory Relief Claim for Lack of Subject-Matter Jurisdiction [7] is granted in part. The claim for injunctive relief is dismissed as moot. The parties are directed to contact the chambers of United States Magistrate Judge F. Keith Ball within seven days of the entry of this Order to set the case for a case-management conference as to the remaining claims for declaratory relief and attorney's fees.

**SO ORDERED AND ADJUDGED** this the 27th day of March, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE