UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LATOYA REDD THOMPSON                                                              PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:16cv726-DPJ-FKB

CLEVELAND ANDERSON, et al.                                                      DEFENDANTS

ORDER

This § 1983 case is before the Court on three pending motions: Plaintiff Latoya Redd Thompson's Motion for Reconsideration [22] and her Motion for Hearing [27], and Defendants' Motion to Strike [24]. For the reasons that follow, the motion for reconsideration is granted, and the motion to strike and motion for hearing are denied.

I.      Facts and Procedural History

As recounted in the prior Order [19] of the Court, Plaintiff Latoya Redd Thompson filed this lawsuit against Canton Municipal Utilities ("CMU") and three of its commissioners after she was terminated from her position as a staff attorney without notice and a hearing. The Complaint alleged no other wrongdoing. Along with her Complaint, Thompson filed a motion for a preliminary injunction seeking reinstatement to her staff-attorney position. But the next day, the parties agreed that Thompson would be "reinstated to the position of CMU Staff Attorney with all prior rights, responsibilities and benefits." Agreed Order [5]. The agreement mooted the then-pending motion for preliminary injunctive relief. *Id.*

Once Thompson was reinstated, Defendants moved to dismiss the remaining claims, arguing that they were moot. The Court agreed as to the claim for an injunction preventing further deprivation of her rights, but denied the motion regarding the claim for declaratory relief. Order [19] at 5–6. In particular, the Court noted that, since Thompson's return to CMU, the

CMU handbook was amended to make clear that CMU employees are entitled to notice and a hearing prior to termination. *Id.* The Court concluded that "[u]nder these circumstances, Thompson's claim that she may again be subjected to termination without notice and a hearing in violation of her constitutional rights is 'too speculative to avoid mooting the case.'" *Id.* at 6 (quoting *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009), *aff'd sub nom. Sossamon v. Texas*, 563 U.S. 277 (2011)).

On May 12, 2017, Thompson filed her motion for reconsideration, asking the Court to reinstate her claim for injunctive relief. Defendants responded with a motion to strike Thompson's motion. Finally, Thompson filed a motion asking the Court to "set a hearing to allow Plaintiff to call witnesses and present evidence in support of her motion for injunctive and declaratory relief." Mot. [27] at 1. The Court is prepared to rule on all three pending motions.

II.     Analysis

  A.     Motion for Reconsideration

In her motion for reconsideration, Thompson complains about issues that are not directly related to the injunctive-relief claim she asks the Court to reinstate. It is therefore important to specify the claims Thompson originally asserted. In her Complaint, the only wrongful act Thompson mentioned was the termination of her employment without notice and a hearing. *See* Compl. [1] at 3–4. Consistent with her factual averments, Thompson sought:

> A.     A declaration that [Defendants] violated her rights guaranteed by the Fourteenth Amendment to the U.S. Constitution when they terminated her without proper notice and a hearing;
>
> B.     A declaration that Latoya Redd Thompson shall be reinstated to her position as staff attorney[;]
>
> C.     A temporary restraining order and a preliminary injunction enjoining defendants from interfering with Latoya Redd Thompson's constitutional rights when she returns to her position as staff attorney[;]

2

> D. An award to Plaintiff of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and
>
> E. and [sic] such other and further [relief] as this Court deems appropriate.

*Id.* at 4–5. The case thus sought redress from an alleged procedural-due-process violation related to the termination of employment without notice and a hearing. While Thompson generally sought an injunction against violation of her "constitutional rights" upon reinstatement, that prayer must be read in the context of the rest of the Complaint, which focuses solely and exclusively on the procedural-due-process violation she claims she suffered. *Id.* at 5. So as pleaded, the claim for injunctive relief would preclude Defendants from again terminating Thompson's employment without notice and a hearing.

With that framing of the issues in mind, the Court turns to Thompson's motion for reconsideration, in which she asks the Court to reinstate her claim for injunctive relief. In her motion, which she characterizes as brought under Federal Rule of Civil Procedure 60(b)(2) and (6), Thompson makes three main arguments. First, she contends that Defendants have not complied with the Agreed Order [5] insofar as Thompson was not accorded "all prior rights, responsibilities and benefits" of her employment upon her reinstatement. Second, and somewhat related to the first argument, Thompson says she has been treated unfairly since her return in an effort to "punish Plaintiff for her lawsuit." Pl.'s Mot. [22] at 8. Finally, Thompson contends that the changes to CMU policy upon which the Court relied in dismissing her claim for injunctive relief "were merely posturing for litigation." *Id.* at 5.

Starting with the alleged conduct after her return, Thompson has not shown that these new issues relate to the procedural-due-process issue she is seeking to revive in her motion for reconsideration—i.e., an injunction requiring pre-termination notice and a hearing. And a motion for reconsideration is not the proper vehicle to contest Defendants' compliance with a

separate order of the Court. If Thompson wishes to pursue these issues, she should either move to enforce the order or move to amend her complaint.[1] But the new allegations do not resuscitate an otherwise moot procedural-due-process claim.

Thompson's third argument relates to the dismissed claim. In its Order, the Court concluded that Defendants' actions subsequent to Thompson's reinstatement "ma[d]e it 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Stauffer v. Gearhart*, 741 F.3d 574, 582 (5th Cir. 2014) (quoting *Sossamon*, 560 F.3d at 325). In particular, the Court noted that Defendants had "submitted evidence that, since her reinstatement, Thompson has been instrumental in drafting amendments to the CMU handbook that make clear that CMU employees are entitled to notice and a hearing prior to termination." Order [19] at 5–6. Following Fifth Circuit precedent that accords government actors "a presumption of good faith," the Court concluded that Thompson had not shown that the policy changes were "mere litigation posturing." *Sossamon*, 560 F.3d at 325.

Thompson has now come forward with evidence to overcome the good-faith presumption. Specifically, Thompson says that she was not permitted to assist in rewriting the CMU handbook; not all references to CMU employment being "at will" were removed from the handbook; an amended handbook reflecting the changes Defendants made has not been disseminated to staff; and CMU terminated another employee without notice and a hearing in January 2017. Thompson says that this new evidence, which she did not discover until after the Court ruled, requires reconsideration of the partial dismissal order.

---

[1] Under the Case Management Order [23], motions for amended pleadings are due to be filed on or before June 16, 2017.

As stated, Thompson frames her motion as brought under Rule 60(b)(2) and (6). But "Rule 60(b) is limited to relief from a 'final' judgment or order." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)). "'Interlocutory orders,' such as grants of partial [dismissal], 'are not within the provisions of [Rule] 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires.'" *Id.* (quoting *Zimzores*, 778 F.2d at 266). Such interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Whether to grant such relief is a matter left to the trial court's discretion. *See McKay*, 751 F.3d at 701; *see also* Fed. R. Civ. P. 60(b) (advisory committee's note) (stating that "interlocutory judgments are not brought within the restrictions of [Rule 60], but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires").[2]

With that standard in mind, on this record, the Court exercises discretion to grant Thompson's motion. The evidence upon which the Court relied in granting Defendants' motion to dismiss was submitted with their reply, so Thompson had no meaningful opportunity to

---

[2] Defendants correctly cite cases from this district holding that motions for reconsideration filed within 28 days are decided under Rule 59(e); motions filed later are decided under Rule 60(b). *See* Defs.' Mem. [25] at 2. While that standard is certainly true for final judgments, some cases have applied it to interlocutory orders. Regardless, the Fifth Circuit has made it clear in recent years that Rule 54(b) applies to interlocutory orders whereas Rules 59(e) and 60(b) apply to final judgments. *See McKay*, 751 F.3d at 701; *see also Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017) (holding that "[b]ecause the order granting partial summary judgment was interlocutory, the court should have analyzed the motion for reconsideration under Rule 54(b) instead of Rule 59(e), which applies to final judgments"); *Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 393–95 (E.D. La. 2016) (examining issue and holding that Rule 54(b)—not Rules 59(e) or 60(b)—applies to interlocutory orders). The Court agrees that applying Rule 54(b) in this context is more consistent with the plain language of Rules 54(b), 59(e), and 60(b), as well as the commentary to Rule 60(b).

respond. Now that she has, it is no longer clear that CMU actually changed its policies and practices to ensure that employees will receive pre-termination notice and a hearing. The Court therefore concludes that Thompson's claim for injunctive relief should not be dismissed at this stage. Thompson's motion for reconsideration is therefore granted.[3]

B. Motion to Strike

Defendants have asked the Court to strike Thompson's motion. They contend that Thompson should have filed the motion under Rule 59(e). And because Thompson filed it more than 28 days after the Order of partial dismissal, Defendants say that her motion is untimely. But as the Court explained above, motions for reconsideration of interlocutory orders are considered under Rule 54(b). And such orders "may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b); *see also Mitchell v. Amica Mut. Ins. Co.*, No. 14-2766, 2015 WL 9488457, at *4 (E.D. La. Dec. 30, 2015) ("Although Rules 59 and 60 set forth specific time frames during which reconsideration may be sought, Rule 54 sets forth no such limitation."). The motion to strike is therefore denied.

C. Motion for Hearing

Finally, Thompson asks that the Court set a hearing on "her motion for injunctive and declaratory relief." Mot. [27]. No such motion is now pending. While Thompson originally sought a preliminary injunction reinstating her to her position with CMU, that motion was rendered moot by the Agreed Order [5]. If Thompson seeks further preliminary injunctive relief, she must file another motion. Thompson's motion for hearing is denied.

---

[3] It is worth noting that this case is still proceeding on other claims, so there is little prejudice in developing a complete record on the injunctive-relief claim before a final decision is made.

III. Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Plaintiff's Motion for Reconsideration [22] is granted; her Motion for Hearing [27] and Defendants' Motion to Strike [24] are denied.

**SO ORDERED AND ADJUDGED** this the 16th day of June, 2017.

                                            s/ *Daniel P. Jordan III*
                                            UNITED STATES DISTRICT JUDGE